[Nos. 34445-9-II; 35060-2-II.   Division Two.   May 30, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN LAWRENCE HENDRICKSON, *Appellant*.

*In the Matter of the Personal Restraint of* KEVIN LAWRENCE HENDRICKSON, *Petitioner*.

*Kevin L. Hendrickson*, pro se.

*Sheri L. Arnold*, for appellant/petitioner.

*Gerald A. Horne, Prosecuting Attorney*, and *Michelle Luna-Green* and *Karen D. Platt, Deputies*, for respondent.

¶1 QUINN-BRINTNALL, J. — Kevin Hendrickson is a tow truck driver who stored financial information, some belonging to clients, in a stolen trailer. He appeals his convictions for three counts of second degree identity theft on grounds of improper searches and arrest, ineffective assistance of counsel, insufficient evidence, and several other issues. Because his conviction for count 16 rests solely on highly prejudicial hearsay testimony, we reverse his conviction for identity theft against Don Noe, affirm his convictions on counts 12 and 18 in all other respects, and remand to the trial court for further proceedings.

## FACTS

¶2 While driving through Tacoma, Michael Brutsche spotted his grandfather's trailer, which had been stolen months before, in an unfenced used car lot. He and his cousin, Lee Farro, pulled into the lot and called his grandfather and 911. The two waited for Michael Brutsche's grandfather, Leo Brutsche, and Officer William Budinich to arrive.

¶3 When Officer Budinich arrived, Michael Brutsche and Farro told him that, while they were waiting, they saw Hendrickson approach the trailer, put a box by it, and try to open a locked door on the trailer. They said that when Hendrickson saw that he was being watched, he dropped a set of keys into the box and left.

¶4 Officer Budinich verified that the trailer rightfully belonged to Leo Brutsche and had been stolen. He arrested Hendrickson, took a keychain from Hendrickson's belt loop, and used the keys to open several locks on the trailer. Leo Brutsche demanded that Budinich open the trailer so that he could see if a concrete cutter that was stolen with the trailer was still inside.

¶5 Officer Budinich conducted a quick sweep of the trailer's interior to ensure that no people or dangerous conditions, such as a portable methamphetamine laboratory, were present. He noted that there was no safety risk and that Leo Brutsche's concrete cutter was no longer in his

trailer. During the cursory search for the cement cutter, Officer Budinich also saw that the trailer contained a box of vehicle identification number plates, papers, and a file cabinet. Officer Budinich impounded the trailer and obtained a warrant to search it. Police searched the trailer and found numerous documents containing financial information.

¶6 The State charged Hendrickson with first degree possession of stolen property for the trailer and 16 counts of second degree identity theft. Before trial, Hendrickson challenged Officer Budinich's initial search of the trailer and the search warrant. He also objected to the admission of statements he made to police, but the trial court ruled that all were lawful.

¶7 At the close of its case, the State dismissed five of the identity theft counts because key witnesses were unavailable. Hendrickson urged the trial court to direct a verdict in his favor on all counts. The trial court dismissed eight of the remaining identity theft counts because the State failed to prove that Hendrickson possessed the financial information for illegal purposes.[1] The trial court then allowed four charges to go to a jury: first degree possession of stolen property (count 1); possession of Jaime Salazar-Guerrero's identity information (count 12); possession of Noe's Social Security card (count 16); and possession of a forged Social Security card with the number of an unknown seven-year-old Florida boy and the name of a different person (count 18).

¶8 The jury did not reach a unanimous verdict on the charge of possession of stolen property, count 1, and the State dismissed that charge without prejudice. But the jury convicted Hendrickson on the three remaining counts of identity theft.

¶9 This appeal requires us to review: (1) the effectiveness of Hendrickson's counsel; (2) Hendrickson's arrest; (3)

---

[1] Hendrickson was a tow truck driver and several of the alleged victims testified that they were customers, Hendrickson had permission to have their financial information or to clean out their totaled vehicles, and they were not aware that any financial or identity crimes had been committed against them with the information that Hendrickson possessed.

the search warrant; (4) sufficiency of the evidence; (5) issues raised in Hendrickson's statement of additional grounds;[2] and (6) issues raised in Hendrickson's personal restraint petition, which we consolidated with his direct appeal. In the published portion of this opinion, we reverse for ineffective assistance of counsel. But we analyze the remaining issues without publication because we resolve those issues by following well-established legal principles that have no precedential value. RCW 2.06.040; *State v. Fitzpatrick*, 5 Wn. App. 661, 669, 491 P.2d 262 (1971), *review denied*, 80 Wn.2d 1003 (1972).

## ANALYSIS

Ineffective Assistance of Counsel

¶10 Hendrickson urges that we reverse his conviction for identity theft of Noe's Social Security card on the ground of ineffective assistance of counsel. Hendrickson's counsel did not object to hearsay testimony by a criminal investigator that Noe lost his card and that no one had permission to use it. This key testimony is inadmissible hearsay and barred under *Crawford*,[3] competent counsel would have objected, and Hendrickson suffered prejudice. Accordingly, we reverse this conviction.

¶11 Joe Rogers, a Social Security Administration special agent, testified that he conducts criminal investigations relating to identity theft and misuse of Social Security cards. He investigated the Social Security cards "in relationship to the case involving State v. Kevin Hendrickson," apparently at police request. 2 Report of Proceedings at 67. During trial, Special Agent Rogers testified as follows:

> [State] . . . Can you please tell the jurors whether you had any opportunity to attempt to contact the owner of that card, Don Noe?

---

[2] RAP 10.10.

[3] *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

A  I did.

Q  And what did you do then?

A  I contacted Mr. Noe and spoke to him on two occasions, primarily to ask about his social security card, whether he ever lost it, a little bit of history about it. Mr. Noe explained to me that he was attending Evergreen State College in the Olympia area and sometime in the Spring of 2004, he wasn't sure of the exact date, he did lose his card. He lost his wallet somewhere around the campus and hadn't seen it since. In the fall of 2004, he applied for and received a replacement social security card.

Q  And did you ask him whether anyone had permission to have his social security card?

A  Yes, I did.

Q  And what was his response?

A  He stated to me that nobody had his permission to have his social security card, possess it.

2 RP at 68-69. Hendrickson's attorney did not object. Hendrickson now claims this failure to object constituted ineffective assistance of counsel.

■ ¶12 To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him. *State v. Thomas*, 109 Wn.2d 222, 225, 743 P.2d 816 (1987). Deficient performance occurs when counsel's performance falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). Prejudice occurs when there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

¶13 Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. ER 801(c). These statements were hearsay and were offered to prove a material fact: that Noe did not consent to another person's possessing or using his Social Security card.

■ ■ ¶14 The State asserts that the testimony fits into the business or government records exceptions to the hear-

say rule and is admissible. But the State did not introduce a business record or information contained in a public record but instead asked Rogers to testify from memory about a conversation he had during his criminal investigation. Thus, the testimony is clearly hearsay and inadmissible under the rules of evidence.

¶15 In this case, admitting Rogers's testimony about Noe's statements violated the confrontation clause. The confrontation clause prohibits the admission of testimonial hearsay unless the defendant has an opportunity to cross-examine the declarant. *State v. Shafer*, 156 Wn.2d 381, 388, 128 P.3d 87 (citing *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)), *cert. denied*, 127 S. Ct. 553 (2006). A statement is testimonial if a reasonable person in the declarant's position would anticipate that his statement would be used against the accused in investigating or prosecuting a crime. *Shafer*, 156 Wn.2d at 389. Rogers is a government agent who was conducting a criminal investigation when he questioned Noe, so the hearsay was testimonial. And Hendrickson did not have the opportunity to cross-examine Noe because he did not testify. *Crawford* bars this testimony.

¶16 Hendrickson's attorney failed to object to this testimony, which was crucial to the State's case because it was the only evidence linking the Social Security card, exhibit 1, to the geographic region where Hendrickson lived and was the only evidence that Hendrickson did not have a valid reason to possess the card. We can see no tactical reason for defense counsel's failure to object. And there is a reasonable probability that without this evidence Hendrickson would have been acquitted on this charge. We reverse and remand for retrial of this conviction.[4]

¶17 We analyze the remaining issues without publication because we resolve those issues by following well-established legal principles that have no precedential value.

---

[4] Hendrickson also frames this issue as one of prosecutorial misconduct for knowingly eliciting inadmissible hearsay testimony. We do not address this claim because we dispose this issue on the ground of ineffective assistance of counsel.

RCW 2.06.040; *Fitzpatrick*, 5 Wn. App. at 669. We affirm on those grounds.

¶18 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

VAN DEREN, A.C.J., and BRIDGEWATER, J., concur.